**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**June 16, 2004**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 03-20470

TUCKER ENERGY SERVICES, INC.;

Plaintiff-Counter Defendant-Appellant,

TUCKER WIRELINE SERVICES DE VENEZUELA S.A.;
TUCKER TECHNICAL SERVICES, INC.;
INDUSTRIAL AGENCIES LTD.,

Plaintiffs-Appellants,

versus

NOBLE DENTON & ASSOCIATES, INC., et al.,

Defendants-Counter Claimants-Appellees.

Appeals from the United States District Court
for the Southern District of Texas

Before DeMOSS, STEWART, and PRADO, Circuit Judges.

PER CURIAM:[*]

In April of 1997, the M/V MR. JOSEPH, a jackup drilling rig, sustained serious damage

while being transported aboard a dry tow barge from New Orleans, Louisiana, to Maracaibo,

Venezuela, when one of the rig's three legs collapsed inward. Bareboat vessel charterers Tucker

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

1

Energy Services, Tucker Wireline Services de Venezuela, S.A., Tucker Technical Services, and Industrial Agencies, Ltd. (collectively, "Tucker"), brought this maritime action against Noble Denton & Associates ("Noble Denton"), the marine surveying company which approved the lashings and seafastenings used to secure the MR. JOSEPH to the barge for transport. In its complaint, Tucker brought claims for negligence, breach of contract, and breach of the implied warranty of workmanlike performance against Nobel Denton, asserting that the seafastenings were inadequately designed or installed and permitted the jackup rig to move during the dry tow, thereby causing the rig's aft leg to collapse. Tucker also sued the American Bureau of Shipping ("ABS"), the classification society that had surveyed the MR. JOSEPH during and after its construction and had issued a class certification for the vessel. Noble Denton responded by filing a counterclaim against Tucker seeking payment for services rendered and a cross-claim against ABS for indemnity and/or contribution. Noble Denton also sued two third-party defendants: Rodriguez Boat Builders, Inc. ("Rodriguez"), the builder of the MR. JOSEPH, and Morrill & Associates ("Morrill"), which was involved in rigging and securing the MR. JOSEPH for its journey to Venezuela. Noble Denton denied that its seafastenings were negligently designed or installed or that the seafastenings caused the legs to collapse. Noble Denton contended that the leg collapsed due to the failure of defective welds on the braces supporting the leg, which were made by Rodriguez during the construction of the MR. JOSEPH.

Prior to trial, Tucker settled its claims against ABS. The district court then proceeded to conduct a 7-day bench trial, which ultimately focused on the competing theories of causation advanced by Tucker and Noble Denton. After considering the extensive testimony and evidence presented by both sides, the district court concluded that Tucker failed to establish by a

2

preponderance of the evidence that the seafastening design or installation approved by Noble Denton caused or contributed to the cause of the collapse of the MR. JOSEPH's aft leg. The district court reasoned that despite evidence that Noble Denton failed to conduct the prestow engineering analysis that its own guidelines specified, the evidence did not show that the failure to conduct a more detailed analysis caused or contributed to the cause of the leg collapse. Rather, the district court found that the evidence established that the rig's leg would not have collapsed but for a defective weld and that the collapse would have occurred regardless of the seafastenings used to secure the rig to the dry tow barge. Accordingly, the district court dismissed all of Tucker's claims with prejudice, mooting Noble Denton's third-party claims against Rodriguez Boatbuilders, ABS, and Morrill. The district court also awarded Noble Denton $7,820.00 on its counterclaim against Tucker. Tucker timely filed notice of appeal.

On appeal, Tucker first argues that the district court clearly erred in finding that Noble Denton did not cause the casualty by crediting Noble Denton's testimony and evidence over that presented by Tucker. In particular, Tucker asserts that the district court gave "undeserved credit" to the testimony of Noble Denton's expert, Bader Diab, and disregarded certain evidence supporting Tucker's theory of causation -- namely, the deposition testimony of independent surveyor Captain David Falkner. According to Tucker, Captain Falkner's testimony establishes that the insufficiency of the seafastenings allowed the MR. JOSEPH to move transversely relative to the dry tow barge during transit, and that this excessive movement caused the jackup rig's aft leg to collapse. We must disagree.

In an admiralty action tried to a court without a jury, we review the district court's factfindings for clear error and its legal conclusions de novo. Avondale Indus. v. Int'l Marine

3

Carrier's Inc., 15 F.3d 489, 492 (5th Cir. 1994). "Questions concerning the existence of negligence and causation are treated as factual issues subject to the clearly erroneous standard," id., as are findings regarding proximate cause. Gavagan v. United States, 955 F.2d 1016, 1019 (5th Cir. 1992). "'Under a clear error standard, this court will reverse 'only if, on the entire evidence, we are left with the definite and firm conviction that a mistake has been made.'" Otto Candies, L.L.C. v. Nippon Kaiji Kyokai Corp.,346 F.3d 530, 533 (5th Cir. 2003) (quoting Walker v. Cadle Co. (In re Walker), 51 F.3d 562, 565 (5th Cir.1995) (internal quotation omitted)).

We have carefully examined the parties' written and oral arguments, the record excerpts, and the pertinent parts of the record itself and find that the district court's finding as to liability was amply supported by the evidence presented. In support of its determination that Tucker failed to prove that Noble Denton caused the damage, the district court primarily credited (1) the testimony of defense expert Bader Diab that, during the voyage, the poorly welded starboard brace supporting the aft leg failed at its weldment with the deck, commencing the failure sequence that culminated in the leg collapse; (2) photographic evidence showing that the weldment between the starboard brace of the aft leg and the deck of the MR. JOSEPH broke by shearing clean, compelling the conclusion that the welds were defective; and (3) evidence that another jackup rig aboard the dry tow barge snugly abutted the MR. JOSEPH during the voyage and had been secured to the barge using the same seafastening system, yet had not moved and sustained no damage to its raised legs or otherwise. Further, testimony presented by Tucker, including that of Tucker's engineering expert, Ed Turner, Captain Falkner, and Tucker employees, supported the finding that the welds were defective and caused the collapse of the aft leg. By contrast, the district court found that Tucker's theory that the casualty was caused by a substandard seafastening system was riddled with inconsistencies and

4

contrary to the photographic evidence presented, that Turner's simulation model of the forces and reactions on the MR. JOSEPH was not persuasive because it used load figures that contemplated extreme seastates not actually encountered on the voyage at issue, and that Turner was not credible.

Based on the foregoing, we conclude that the district court had ample evidence before it to find that Tucker failed to establish by a preponderance of the evidence that the design or installation of the seafastenings approved by Noble Denton caused the rig's leg to collapse.

Tucker next asserts that the district court erred by failing to assign Noble Denton a percentage of fault. Tucker argues that because this is "a case of contested liability," the district court was "duty bound to apply the doctrine of comparative fault." This argument is without merit. In this case, the district court found that Tucker failed to establish that defendant Noble Denton caused or contributed to the cause of the damage sustained to the MR. JOSEPH. Accordingly, the district court correctly declined to assign any percentage of fault to Noble Denton. See United States v. Reliable Transfer Co., 421 U.S. 397, 411 (1975) (establishing that "when two or more parties have contributed by their fault to cause . . . damage, [liability] is to be allocated among the parties proportionately to the comparative degree of their fault") (emphasis added).

Finally, Tucker contends that the district court erred in dismissing its breach of contract and breach of warranty claims against Noble Denton, arguing that the district court improperly applied the tort standard of proximate cause rather than foreseeability in analyzing these contract-based claims. This assignment of error is based on Tucker's misapprehension of the district court's opinion; thus it too is without merit. After explaining in some detail that courts are split over whether a proximate causation or a foreseeability standard applies in maritime contract actions, the district court analyzed Tucker's claims alternatively under both standards to conclude that under either approach,

5

Tucker's contract and warranty claims must fail. Accordingly, for the reasons stated by the district court in its March 31, 2003, memorandum and opinion, we affirm the district court's final judgment entered in favor of Noble Denton on March 31, 2003. See Tucker Energy Services, Inc., et al. v. Noble Denton & Associates, et al., No. H-98-1126 (S.D. Tex. March 31, 2003).

AFFIRMED.